EXHIBIT "2"

# Findings of Fact and Conclusions of Law
# July 15, 2016

FILED

Date: 7-18-16

Time: 10:40 c
Coeur d'Alene
Tribal Court

RP

Court Clerk

by:_____

**EVERETT B. COULTER, JR.**
**CHRISTOPHER J. KERLEY**
EVANS, CRAVEN & LACKIE, P.S.
818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; (509) 455-3632

Attorneys for Plaintiff

## IN THE TRIBAL COURT OF THE COEUR D' ALENE TRIBE
## OF THE COEUR D' ALENE INDIAN RESERVATION

| | |
|---|---|
| COEUR D'ALENE TRIBE, a federally recognized Indian Tribe,<br><br>Plaintiff,<br><br>vs.<br><br>STEVE W. HAWKS and DEANNE A. HAWKS, husband and wife,<br><br>Defendants. | Case No.   CV-DE-2016-0074<br><br>**FINDINGS OF FACT AND**<br>**CONCLUSIONS OF LAW** |

THIS MATTER coming regularly on for hearing before the Coeur d'Alene Tribal Court on June 21, 2016, at 11:00 a.m. The Court having reviewed the Summons and Complaint filed in Tribal Court on May 13, 2016, the Affidavit of Service indicating that the Defendants were served on May 24, 2016, the Motion and Affidavit for Default and Default Judgment, the Affidavit of Jason Brown, and considering the testimony of Jason Brown presented in Tribal Court in support of the relief requested by the Coeur d'Alene Tribe. The Court now makes the following:

### FINDINGS OF FACT

1.     The Coeur d'Alene Tribe is a federally recognized Indian Tribe with a tribal reservation in north Idaho including parts of Kootenai and Benewah County.

2.     The Coeur d'Alene Tribal Reservation encompasses the southern part of Lake Coeur d'Alene and parts of the St. Joe River.

**FINDINGS OF FACT AND**
**CONCLUSIONS OF LAW**
Page 1

3.      Steve W. Hawks and Deanne A. Hawks are husband and wife and own an interest in real property abutting the Lake Coeur d'Alene waterway and specifically the St. Joe River within the confines of the Coeur d'Alene Tribal Reservation.

4.      The Defendants have owned and maintained pilings in the St. Joe River below the ordinary high water mark of 2,128 feet.

5.      The Court considered Plaintiff's Exhibit No. 1 which was admitted into evidence that depicts the location of the pilings in the bed of the St. Joe River below the river level of 2,128 feet.

6.      The oral testimony of Jason Brown established that the Defendants have a waterline lying on the river bed out to pilings that are at an approximate water depth of 2,113 feet and that the waterline lies on the river bottom. The line is attached to a piling.

7.      The Tribe's Exhibit Nos. 2 and 3 depict the Defendants' boat garage located within a side channel lagoon of the St. Joe River and that the boat garage is moored by way of a piling driven into the bed of the river lagoon. The Tribe's Exhibit Nos. 2 and 3 were admitted into evidence by the Court.

8.      The pilings, waterline and boat garage constitute an encroachment as defined by the Coeur d'Alene Tribal Code.

9.      Jason Brown is the program manager for the Coeur d'Alene Tribe pertaining to lake management and is the person in charge of processing and enforcing encroachment permits for property owners that have encroachments in the Coeur d'Alene waterway.

10.     Starting in 2003 and 2004 Jason Brown submitted several letters and compliance orders to the Defendants advising the Defendants that they needed to obtain encroachment permits from the Coeur d'Alene Tribe pursuant to the Coeur d'Alene Tribal Code. The Defendants never responded to the letters or compliance orders.

11.     Suit in this matter was filed on May 13, 2016, in the Coeur d'Alene Tribal Court and service of process was on May 24, 2016. Defendants did not appear or answer the Complaint.

**FINDINGS OF FACT AND
CONCLUSIONS OF LAW**
Page 2

12.     Defendants and their attorney did receive notice of the Motion for Default and default judgment hearing as evidenced by the Certificate of Mailing appended to the Notice of Hearing and the Motion for Default and Default Judgment.

13.     More than twenty (20) days have elapsed since the Defendants were served with the Summons and Complaint.

14.     The Coeur d'Alene Tribal Code Section 44-1.01 et seq. provides that the Coeur d'Alene Tribe may seek a civil penalty not to exceed $500 per day for every day an encroachment exists without a permit from the Coeur d'Alene Tribe. The Tribe has not sought the maximum $500 per day civil penalty but rather has sought $100 per day from the date of filing on May 13, 2016, through June 21, 2016, for a total of 39 days at $100 per day and a money judgment amount of $3,900.

15.     The Tribe has further sought a finding that the Defendants are trespassing upon Tribally controlled lands and that the Tribe is entitled to remove the encroachments due to a lack of a permit for the encroachments.

CONCLUSIONS OF LAW

1.     The Coeur d'Alene Tribal Court has jurisdiction over this matter based upon *Idaho v. United States and Coeur d'Alene Tribe*, 533 U.S. 262 (2001) and the Coeur d'Alene Tribe's code provisions in Section 44-1.01 et seq. allowing the Tribe to regulate the Lake Coeur d'Alene waterway within the Coeur d'Alene Tribal Reservation boundary.

2.     The Tribe has subject matter jurisdiction over the matter based upon the encroachments maintained by the Defendants without a permit from the Coeur d'Alene Tribe.

3.     The Coeur d'Alene Tribal Court has personal jurisdiction over the Defendants based upon the Defendants owning real property within the reservation boundaries that is adjacent to the Lake Coeur d'Alene waterway and maintaining encroachments without a permit from the Coeur d'Alene Tribe.

4.     The Coeur d'Alene Tribe has regulatory jurisdiction over the Lake Coeur d'Alene waterway and adjudicatory jurisdiction for violations of the Coeur d'Alene Tribal Code pertaining to encroachments without a Tribal permit.

**FINDINGS OF FACT AND**
**CONCLUSIONS OF LAW**
Page 3

5.     The Defendants are in default for failing to appear and defend in this matter and an Order of Default has been entered. The Court having reviewed the Complaint for damages and eviction filed in the Tribal Court takes the allegations in the Complaint as true.

6.     The Coeur d'Alene Tribe should be awarded a judgment against the Defendants in the amount of $3,900.

7.     The Court concludes that the Defendants are trespassing upon Tribally-controlled lands and that the Tribe is entitled to an Order of Eviction to remove the encroachments.

8.     Pursuant to Coeur d'Alene Tribal Code Section 44-24.01(e), the Coeur d'Alene Tribal Court has exclusive jurisdiction over encroachment violations as defined in Chapter 44 of the Coeur d'Alene Tribal Code including suits for damages or trespass.

DONE IN OPEN COURT this 15th day of ___June___, 2016.

_____
TRIBAL COURT JUDGE

Presented by:

EVANS, CRAVEN & LACKIE, P.S.

By_____
EVERETT B. COULTER, JR.
Attorney for Plaintiff

**FINDINGS OF FACT AND**
**CONCLUSIONS OF LAW**
Page 4

CLERK'S CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 18 day of July, 2016, the foregoing was delivered to the following persons in manner indicated:

| | | |
|---|---|---|
| Steven W. Hawks<br>Deanne A. Hawks<br>89231 Highway 3 North<br>St. Maries, ID 83861 | Via Regular Mail<br>Via Certified Mail<br>Via Facsimile<br>Hand Delivered | [ X ]<br>[ ]<br>[ ]<br>[ ] |
| Norman Semanko<br>Moffatt, Thomas, Barrett, Rock, Fields<br>P.O. Box 829<br>Boise, ID 83701 | Via Regular Mail<br>Via Certified Mail<br>Via Facsimile<br>Hand Delivered | [ X ]<br>[ ]<br>[ ]<br>[ ] |
| Everett B. Coulter, Jr.<br>Evans, Craven & Lackie, P.S.<br>818 W. Riverside Ave., Ste. 250<br>Spokane, WA   99201 | Via Regular Mail<br>Via Certified Mail<br>Via Facsimile 509/455-3632<br>Hand Delivered | [ X ]<br>[ ]<br>[ ]<br>[ ] |

_____
Clerk

**FINDINGS OF FACT AND
CONCLUSIONS OF LAW**
Page 5