UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| COEUR D'ALENE TRIBE, a federally recognized Indian Tribe,<br><br>Plaintiff,<br><br>v.<br><br>STEVE W. HAWKS and DEANNE A. HAWKS, husband and wife,<br><br>Defendants. | Case No. 2:16-CV-366-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Before the Court is a motion to dismiss filed by the Hawks. The motion is fully briefed and at issue. For the reasons expressed below, the Court will grant the motion.

## FACTUAL BACKGROUND

The Tribe brought this action to domesticate and enforce a default judgment obtained against the Hawks in Tribal Court. The Tribe is also pursuing this same relief in Idaho State courts.

The Hawks own real property along the St. Joe River with the Coeur d'Alene Reservation. They also own a boat garage and pilings within the St. Joe River. The Tribe claims that the boat garage and pilings are illegal encroachments, and filed an objection in June of 2015 in the Coeur d'Alene -Spokane River Basin Adjudication (CSRBA). That litigation, a state water rights adjudication, is proceeding in the District Court of the Fifth Judicial District of the State of Idaho.

**Memorandum Decision & Order – page 1**

Almost a year after filing that objection, the Tribe filed suit against the Hawks in Tribal Court for violation of the Tribal Code, claiming that the Hawks failed to obtain a Tribal permit before constructing the boat garage and pilings. The Tribal Court issued a default judgment in the form of a civil penalty of $3,900.

It is that judgment that the Tribe seeks to enforce in this Court. The Hawks responded by filing a motion to dismiss, arguing that this Court does not have jurisdiction to grant the Tribe the relief they seek.

## ANALYSIS

In the briefing on this motion, the Tribe concedes it is not relying on diversity jurisdiction, but argues instead that the Court has jurisdiction under the federal question provisions of 28 U.S.C. § 1331. In support, the Tribe cites *National Farmers Union Ins. Cos. v. Crow Tribe of Indians*, 471 U.S. 845, 105 S. Ct. 2447 (1985). That case would provide sound support for this Court's jurisdiction over a lawsuit filed by the Hawks claiming that the Tribal Court had no jurisdiction to enter the judgment for $3,900 – that would place the Court squarely within *National Farmers,* and the dispute over whether the Tribal Court had jurisdiction over a non-member of the Tribe would be a federal question that would satisfy the jurisdictional demands of § 1331.

But here, the Hawks have not challenged the Tribal Court's jurisdiction to make the award, and the Tribe has not sought a declaratory judgment that its courts had jurisdiction over the Hawks. Instead, the Tribe is simply asking a federal court to domesticate and enforce a Tribal Court Judgment. While such a claim has a basis in Idaho law and can be enforced in Idaho courts pursuant to Idaho Code § 10-1401 *et. seq.,*

**Memorandum Decision & Order – page 2**

the Tribe cites no federal statute or law that is in dispute and that could be used to create a federal question.

The posture of this case shifts it away from *National Farmers,* and places it squarely within *Miccosukee Tribe v. Kraus-Anderson Const. Co.,* 607 F.3d 1268, 1275 (11th Cir. 2010). There, a Tribe filed suit to enforce a Tribal Court Judgment, and the non-Tribal member defendant filed a motion to dismiss. The court granted the motion, distinguishing *National Farmers*:

> In sum, *National Farmers* dictates that a dispute over tribal court jurisdiction is considered a dispute over tribal sovereignty, and therefore is a matter of federal law to which § 1331 applies. This case, however, does not involve a dispute over the Tribal Court's jurisdiction. That is, the Tribe has not asked for a declaratory decree to resolve a dispute over whether the Tribal Court had jurisdiction to entertain [defendant's] claim for payment and the Tribe's set off and counterclaim. Both sides agree that the Tribal Court possessed such jurisdiction. What the Tribe asks is that the federal district court domesticate its judgment against [defendant] so that it can obtain execution of the judgment pursuant to Federal Rule of Civil Procedure 69. A suit to domesticate a tribal judgment does not state a claim under federal law, whether statutory or common law. Thus, the district court lacked § 1331 jurisdiction under *National Farmers* to entertain the Tribe's complaint.

*Id.* at 1275. Although *Miccosukee Tribe* is not binding on this Court, it is persuasive. The Tribe responds, however, that the Ninth Circuit has gone in the opposite direction in *Wilson v Marchington,* 127 F.3d 805 (9th Cir. 1997). But in that case, both sides sought a ruling on whether the tribal court had jurisdiction to issue the judgment. That circumstance aligned the case perfectly with *National Farmers* but is lacking here, as no party in this case seeks such a ruling.

**Memorandum Decision & Order – page 3**

With no basis for federal jurisdiction, the Court is compelled to grant the motion to dismiss. The Court will enter a separate Judgment as required by Rule 58(a).

## ORDER

In accordance with the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that the motion to dismiss (docket no. 6) is GRANTED.

DATED: August 25, 2017

B. Lynn Winmill
Chief Judge
United States District Court